UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DRAPER GORDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANK BISIGNANO, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 1:25 CV 90 RWS |

## **MEMORADUM AND ORDER OF DISMISSAL**

On October 10, 2025, this Court entered a Memorandum and Order to Show Cause which directed plaintiff to show cause in writing within thirty (30) days why his complaint should not be dismissed without prejudice for failure to comply with the provisions of the Case Management Order entered on May 27, 2025.  ECF 8. As explained in the Memorandum and Order to Show Cause, the Case Management Order required plaintiff to file his brief and statement of uncontroverted facts in support of his application for benefits within thirty (30) days after the Commissioner filed the certified administrative transcript on July 16, 2025.  ECF 8.  The Memorandum and Order to Show Cause further directed that plaintiff could satisfy the Show Cause Order by filing his brief and statement of uncontroverted facts in support of the complaint by November 10, 2025, and specifically warned him that his failure to timely respond would result in the

dismissal of the complaint without prejudice without further notice by the Court. ECF 8.

Plaintiff responded by filing a one-page handwritten document informing the Court that he has moved to Chicago and listing his new doctor, his current treatment, and his alleged current impairments.  ECF 9.  Because this document did not comply with the provisions of the Show Cause Order or the Case Management Order, I sent out another Memorandum and Order on October 31, 2025, informing plaintiff that his submission did not meet the Court's requirements because it did not even address the ALJ decision at issue in this case.  ECF 10.  In the interests of justice, I gave plaintiff additional time, up to and including November 19, 2025, to comply with the provisions of the Memorandum and Order to Show Cause issued on October 10, 2025, and the Case Management Order entered on May 27, 2025.  ECF 10.  My October 31, 2025, Memorandum and Order provides as follows:

> Plaintiff shall comply with the provisions of the Memorandum and Order to Show Cause Issued on October 10, 2025 and show cause in writing by November 19, 2025, why the complaint should not be dismissed without prejudice for failure to comply with the provisions of the case management order.  Plaintiff can satisfy the Show Cause Order entered in this case on October 10, 2025, by filing his brief in support of the complaint by November 19, 2025.  The brief must comply with the provisions of the case management order and must include a statement of uncontroverted material facts, with each fact set out in a separately numbered paragraph and supported by citations to the administrative transcript. Failure to comply with the provisions of the Memorandum and Order to Show Cause issued on October 10, 2025, by November 19, 2025, will result in the dismissal of the

complaint without prejudice without further notice by the Court. ECF 10.  In response to the October 31, 2025, Memorandum and Order, plaintiff filed a copy of his identification card, his medical insurance card, a list of medical appointments, and an invoice for a cane.  ECF 11.  Plaintiff has not filed anything else in response to the October 10, 2025, Memorandum and Order to Show Cause or the October 31, 2025, Memorandum and Order, and his time for doing so has now expired.

Plaintiff has failed to comply with the Case Management Order entered on May 27, 2025 (ECF 6), the Memorandum and Order to Show Cause dated October 10, 2025 (ECF 8), and the Memorandum and Order dated October 31, 2025 (ECF 10).  He has not filed a brief in support of the complaint or a statement of uncontroverted material facts, with each fact set out in a separately numbered paragraph and supported by citations to the administrative transcript.  The Court granted plaintiff additional time to comply with Case Management Order and the October 10, 2025, Memorandum and Order to Show Cause, but he has failed to do so.  Plaintiff's self-represented status does not excuse his compliance with the Orders of this Court.  This Court cannot determine whether the ALJ decision at issue in this case should be affirmed or reversed without a brief from the plaintiff supporting the complaint and a statement of uncontroverted facts as required by the Case Management Order.  *See* ECF 6.  This Court cannot make legal and factual

arguments on behalf of the plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is dismissed without prejudice for failure to comply with the provisions of the Case Management Order entered on May 27, 2025, and to respond to the Court's October 10, 2025, Memorandum and Order to Show Cause and October 31, 2025, Memorandum and Order as directed by the Court.

A separate Order of Dismissal is entered this same date.

/s/ Rodney W. Sippel<br>
RODNEY W. SIPPEL<br>
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2025.